Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TIME WARNER CABLE, INC., CHARTER COMMUNICATIONS, INC., and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT—ADA**<br>• **Disability Discrimination (Discharge)**<br>• **Denial of Reasonable Accommodation**<br>• **Failure to Engage in Interactive Process** |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), to correct unlawful employment practices based on disability and to provide appropriate relief to Charging Party Kameron Taylor ("Charging Party" or "Taylor") who was adversely affected by such practices. As set forth with greater particularity in paragraphs 23 to 32 of this Complaint, Plaintiff United States Equal

-1-

Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Time Warner Cable Inc., Defendant Charter Communications, Inc., and DOES 1-10 ("Defendants") failed to engage in the interactive process, denied Charging Party Taylor a reasonable accommodation, and subjected her to adverse employment actions on the basis of her disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and procedures set forth in Sections 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Time Warner Cable, Inc. ("Time Warner") has continuously been doing business in the City of Ontario, County of San Bernardino.

5. At all relevant times, Time Warner has continuously been a corporation doing business in the State of California, and continuously had at least 15 employees.

6. Since at least May 2016, Defendant Charter Communications, Inc. ("Charter") has been a corporation doing business in the City of Ontario, County of San Bernardino,

7. At all relevant times, Charter has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

8. On information and belief, in May 2016, Charter purchased Time Warner.

Charter engages in the same business and continues the same operations as Time Warner, including but not limited to operation of the facilities in Ontario, California.

9. On information and belief, Time Warner no longer exists after having been purchased by Charter, which now does business as Spectrum. Accordingly, Time Warner is not in a position to provide the full scope of remedies available including, but not limited to, monetary relief and injunctive remedies.

10. Charter knew or should have known of Charging Party's Charge of Discrimination against Time Warner filed prior to Charter's acquisition of Time Warner.

11. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

12. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

13. More than thirty days prior to the institution of this lawsuit, Charging Party Taylor filed a charge of discrimination with Plaintiff alleging violations of the ADA by Defendant Time Warner.

14. Subsequent to the charge of discrimination, the Commission investigated the

allegations by Charging Party Taylor against Defendant Time Warner.

15. On April 7, 2016, the Commission issued to Defendant Time Warner a Letter of Determination finding reasonable cause to believe that Defendant Time Warner had violated the ADA and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

16. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

17. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

18. On March 24, 2017, the Commission issued to Defendants a Notice of Failure of Conciliation.

19. All conditions precedent to the institution of this lawsuit have been fulfilled.

20. Since at least 2013, Defendants have engaged in unlawful employment practices in violations of Section 102 (a) and (b) of ADA, 42 U.S.C. § 12112 (a) and (b), by:

    a. Discharging Charging Party Taylor due to her use of leave as a reasonable accommodation;

    b. Discharging Charging Party Taylor because of her disability when Defendants terminated Charging Party Taylor while she was out on medical leave; and

    c. Failing to engage in the interactive process and provide reasonable accommodation for Charging Party Taylor by failing to provide additional leave and instead discharging her.

21. In January 2013, Charging Party Taylor began working for Defendants as a Voice Specialist/Account Executive 1 (AE1) at the Time Warner facility in Ontario, California.

22. On May 25, 2013, Charging Party Taylor began experiencing symptoms, which substantially impacted several life functions, including but not limited to: sensitivity to light, difficulty walking, difficulty with her memory, difficulty getting out of bed, and difficulty lifting

1 items off the floor.

2   23.   Charging Party was placed on approved unpaid medical leave from on or about June 5, 2013 through on or about September 3, 2013. Charging Party was unable to receive a definitive diagnosis during this time as to her symptoms.

24.   Charging Party Taylor returned to work on September 3, 2013. On or around September 13, 2013, Charging Party Taylor's symptoms worsened. Charging Party Taylor's doctor recommended that she go on a medical leave of absence through March 17, 2014 to continue to attempt to diagnose her condition. Charging Party Taylor notified Time Warner of her need for leave and provided documentation requested by Time Warner.

25.   On or about December 10, 2013, Defendant Time Warner Cable, Inc. informed Charging Party Taylor that it would no longer accommodate her leave beyond December 20, 2013. Ms. Taylor's medical leave from on or about September 13, 2013 through her termination was unpaid.

26.   Charging Party Taylor informed Defendant Time Warner that she was scheduled for a biopsy on a tumor on December 23, 2013 and could not provide a return to work date until after the biopsy was completed.

27.   On or about December 23, 2013, Charging Party Taylor was subsequently diagnosed with Papillary Carcinoma, a form of thyroid cancer.

28.   Charging Party Taylor underwent surgery to remove the cancerous nodule on or about December 26, 2013.

29.   On or about December 30, 2013, when Charging Party Taylor came home from the hospital, she notified Time Warner of her cancer diagnosis and that she had completed the surgery. She further informed Time Warner that she would be able to return to work on February 7, 2014.

30.   On or about January 9, 2013, just three weeks before Charging Party Taylor's return to work date, Defendant Time Warner terminated Charging Party Taylor's employment, informing her that it would no longer accommodate her leave.

31.   The effect of the practices complained of in paragraphs 21 to 30 above has been

to deprive Charging Party Taylor of equal employment opportunities and otherwise adversely affects her status as an employee because of her disability.

32. The unlawful employment practices complained of in paragraph 21 to 30 above were intentional and caused Charging Party Taylor to suffer emotional distress.

33. The unlawful employment practices complained of in paragraphs 21 to 30 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party Taylor.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate based on disability.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C. Order Defendants to make whole Charging Party Kameron Taylor by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay.

D. Order Defendants to make Charging Party Kameron Taylor whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendants to make Charging Party Kameron Taylor whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.   Order Defendants to pay Charging Party Kameron Taylor punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G.   Award the Commission its costs of this action.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 6, 2017                    Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C.  20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

NAKKISA AKHAVAN,
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION