# EXHIBIT 1

# EXHIBIT 1

Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>TIME WARNER CABLE, INC., CHARTER COMMUNICATIONS, INC., and Does 1-10, inclusive,<br><br>                    Defendants. | Case No.: 5:17-CV-01355-JGB-KK<br><br>**CONSENT DECREE;<br>[PROPOSED] ORDER** |

## I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendants Time Warner Cable, Inc. ("Time Warner") and Charter Communications, Inc. ("Charter Communications") (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendants in U.S. Equal Employment Opportunity Commission v. Time Warner Cable, Inc., Charter Communications, Inc., and Does 1-10, inclusive; Case No. 5:17-CV-01355-JGB-KK (the "Action"). On July 6, 2017, Plaintiff filed this Action in the United States District Court, Central

1

District of California, for violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). The Action alleged that Defendants discriminated against Charging Party Kameron Taylor ("Charging Party" or "Taylor") on the basis of disability by failing to engage in the interactive process, failing to provide a reasonable accommodation, and terminating Ms. Taylor's employment because of her disability.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The Parties agree that this Action should be fully and completely resolved by entry of this Consent Decree. The Decree is made and entered into by and between the EEOC and Defendants and shall be binding on and enforceable against Defendants, as well as their parents, subsidiaries, agents, successors, and assigns.

B.     The Parties have entered into this Decree for the following purposes:

   1.     To provide appropriate monetary and injunctive relief;

   2.     To ensure Defendants' employment practices comply with federal law;

   3.     To ensure a work environment free from discrimination, especially as it relates to disability discrimination;

   4.     To ensure training in employment discrimination law including, but not limited to, disability discrimination, the interactive process, reasonable accommodations, and leave as a reasonable accommodation;

   5.     To ensure an appropriate and effective mechanism for handling reasonable accommodation requests;

   6.     To ensure an appropriate and effective mechanism for handling complaints of disability discrimination including, but not limited to, complaints regarding the interactive process and/or reasonable accommodations; and

   7.     To ensure appropriate recording keeping, reporting, and monitoring.

## III.

## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC

against Defendants in this Action.

B.      Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with the ADA/ADAAA or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable and just.

C.      This Decree conforms with the Federal Rules of Civil Procedure and the ADA/ADAAA and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date for Defendants' Southern California regions: Eagle Rock, East LA, Central LA, City of Industry and Bellflower, Orange County from La Canada Flintridge to San Clemente, Long Beach, Pomona, Inland Empire, San Diego and Desert Cities.  If any locations are added to Defendants'

Southern California Region, the added locations shall be subject to the terms of this Decree.

## VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of this Decree that the EEOC believes Defendants have violated or breached. Defendants shall have thirty (30) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

B.      The Parties agree to cooperate with each other and use their best efforts in working to resolve any dispute referenced in the EEOC notice.

C.      After thirty-five (35) days have passed, inclusive of the thirty (30) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, and to which the EEOC may be entitled as a matter of law, and/or any other relief the court deems appropriate.

# VIII.

## MONETARY AND CLAIMANT-SPECIFIC RELIEF

A.      Monetary Relief

      1.      Defendants will pay a total of ninety-nine thousand five hundred dollars ($99,500) to Charging Party Kameron Taylor in monetary relief to resolve this action within thirty (30) days of the Effective Date. Defendants shall deliver a check via certified mail to Ms. Taylor.

      2.      The EEOC has designated that the payment will be non-wage compensation for any emotional distress suffered by Charging Party as a result of her alleged claims against Defendants and no tax withholding shall be made. Defendants shall prepare and distribute a 1099 tax reporting form to Ms. Taylor and shall make any appropriate reports to the Internal Revenue Service and other tax authorities. The 1099 form will be issued as in the ordinary course of business.

      3.      Within five (5) business days of the issuance of the settlement check, Defendants shall submit a copy of the check, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

# IX.

## GENERAL INJUNCTIVE RELIEF

A.      Anti-Discrimination

      Defendants as well as their parents, subsidiaries, agents, successors and, assigns, are hereby enjoined from engaging in any employment practice which discriminates against any of Defendants' employees on the basis of disability.

B.      Retaliation

      Defendants as well as their parents, subsidiaries, agents, successors, and assigns, are hereby enjoined from implementing or permitting any action, policy or practice that subjects any current or former employee or applicant of Defendants to retaliation, because he or she has in the past, or during the term of this Decree:

      1.      Opposed any practice made unlawful under the ADA/ADAAA;

      2.      Filed a charge of discrimination alleging such practice;

3.      Testified or participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of the ADA/ADAAA;

4.      Was identified as a possible witness or claimant in this action;

5.      Asserted any right under this Decree;

6.      Sought and/or received any relief in accordance with this Decree;

7.      Sought an accommodation under the ADA/ADAAA; and/or

8.      Is associated with an employee who has engaged in the activities set forth above in Section IX. B.

C.      Requests for Reasonable Accommodation

Defendants shall engage in the interactive process to provide a reasonable accommodation to employees with disabilities, including but not limited to medical leave and extensions of medical leave unless Defendants can establish undue hardship resulting from the medical leave, extension of medical leave, and/or other reasonable accommodation requested by the employee in accordance with applicable law.

**X.**

**SPECIFIC INJUNCTIVE RELIEF**

A.      Equal Employment Opportunity Monitor

1.      Defendants shall retain an EEO Monitor approved by the EEOC. If Defendants elect to designate a new Monitor during the Term of the Decree, Defendants will notify the EEOC at least thirty (30) days prior to designating a new Monitor and will allow the EEOC to interview the proposed Monitor to determine whether EEOC will provide its approval to the change in Monitor. Should EEOC reject Defendants' proposed Monitor, Defendants will provide a list of three other Monitor candidates for EEOC's consideration. EEOC's approval will not be unreasonably withheld.

2.      The duties of the Monitor will include, but not be limited to:

a.      Reviewing, revising, and/or creating Defendants' policies, procedures, and practices to ensure compliance with the ADA and ADAAA.  Specifically, the Monitor will review and, if necessary, revise Defendants' employment policies to ensure that Defendants' policies clearly prohibit discriminatory conduct, including making any personnel decisions that discriminate on the basis of

disability.  The Monitor will review, revise and/or create policies, procedures, and practices ensuring that Defendants engage in an effective interactive process with disabled employees to provide reasonable accommodations, especially concerning employee requests for extended medical leaves of absence, to ensure Defendants' policies conform with the ADA, ADAAA, employment discrimination laws, and the provisions of this Decree;

b.      Ensuring that effective interactive training, in compliance with applicable law, is provided to Defendants' employees regarding their rights and responsibilities under the ADA/ADAAA including, but not limited to, Defendants' responsibilities to provide a workplace free of discrimination and harassment based on disability, Defendants' responsibilities to engage in the interactive process, Defendants' responsibilities to provide reasonable accommodations, Defendants' policies and procedures regarding the interactive process, Defendants' policies and procedures regarding requesting a reasonable accommodation, prohibition on retaliatory conduct against an employee for complaining about disability discrimination, and Defendants' policies and procedures for filing a complaint of disability discrimination or ADA/ADAAA retaliation.

c.      Ensuring effective interactive training, to ensure compliance with applicable law, is provided to Defendants' supervisory and managerial employees including, but not limited to, any staff whose job includes human resources functions, to ensure Defendants' supervisory and human resources staff understand their responsibilities with regard to complying with the ADA/ADAA, Defendants' policies, procedures, and practices implemented to prevent and correct disability discrimination and retaliation, and compliance with this Decree.

d.      Ensuring that Defendants continue to maintain a centralized system of receiving and making determinations on requests for reasonable leave accommodations including properly engaging in the interactive process with the employee making the request; Ensuring that Defendants continue to maintain a centralized system of tracking discrimination complaints and steps taken with respect to the complaints and monitoring Defendants' investigation of all complaints of disability discrimination to ensure compliance with the ADA/ADAAA. The Monitor's duties with respect to complaints will also include ensuring that Defendants properly communicate with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and

any remedial action taken;

      e.     Maintaining a record-keeping procedure, set forth more fully in Section D ("Recordkeeping") for requests for accommodations, disability discrimination complaints, as well as monitoring such complaints and requests. The Monitor shall be responsible for tracking, monitoring, and processing requests for accommodations and reporting on such requests.

      f.     Retaining all documents related to any accommodation requests and any interactive process and any documents generated or collected during the duration of this Decree in connection with any complaint of disability discrimination, any investigation into any such complaint, and any resolution of any such complaint.

      g.     Maintaining data on complaints and leave accommodations as set forth in Section D ("Recordkeeping"), which can be used to generate a report for the purpose of an annual self-assessment to assess and/or improve the way the interactive process is conducted by Defendants and the way in which reasonable accommodations are provided. The data will include, where applicable, the following information:

      i.     Name of the person making the request;

      ii.     Date of the request;

      iii.     Whether the request is for a physical or mental disability;

      iv.     Any person to whom the request for accommodation was made;

      v.     Accommodation(s) requested, if any;

      vi.     Any person involved in the interactive process;

      vii.     Any records or documents made or reviewed in the course of engaging in the interactive process;

      viii.     Any person involved in the decision-making process regarding the request for accommodation;

      ix.     Accommodation provided, if any;

      x.     The reason for the decision to provide or refuse any accommodation;

      xi.     Complaints made by individuals regarding accommodation issues, disability discrimination issues, and/or retaliation issues; and

xii.      Whether any modification or additional accommodations in conjunction with the original accommodation were sought and if such requests were granted or denied.

    h.      Annually through the term of the Decree, conducting and documenting an audit of accommodation requests, the interactive process, accommodation decisions, and any complaints of disability discrimination or retaliation, and report findings to the EEOC as required below;

    i.      Preparing an annual report to EEOC on Defendants' progress and compliance under this Decree;

    j.      Ensuring that Defendants' reports required by this Decree are accurately compiled and timely submitted;

    k.      Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

    l.      Monitoring and ensuring the distribution of any documents and Notice Posting as required by this Decree; and

    m.      Otherwise ensuring Defendants' compliance with this Consent Decree and the ADA/ADAA.

Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of her duties.

B.    <u>Policies and Procedures</u>

    1.      Revision of Policies and Procedures

Within sixty (60) days of the Effective Date, Defendants, to the extent necessary, shall review, revise, distribute, and implement its policies and procedures regarding compliance with the ADA and ADAAA including reasonable accommodations, properly engaging in the interactive process, and retaliation. Such policies and procedures shall include:

    a.      A clear and express prohibition against making personnel decisions including, but not limited to, hiring, promotion, reasonable accommodation, and/or termination, on the basis of disability;

    b.      A clear explanation of prohibited discriminatory conduct on the basis of disability;

        c.     Assurance that employees who make complaints of discrimination or who provide information related to such complaints are protected against retaliation;

        d.     A clear explanation of employees' rights and responsibilities under the ADA, the ADAAA, and this Decree, including that federal law requires Defendants to timely provide an available, effective reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment;

        e.     A clearly described accommodation process for employees or applicants who believe they require a reasonable accommodation on the basis of disability including, but not limited to, to whom an employee may make requests of accommodations, the procedures for communicating such requests to the proper decision-makers, and whom an employee may contact if they have questions about the process;

        f.     An accommodation process that provides a prompt, thorough, and effective interactive process that includes direct communication with the requesting employee to determine the need for reasonable accommodation, the available reasonable accommodations, and follow-up procedures to ensure that any provided accommodation continues to be effective;

        g.     A clear explanation of how an employee can request a reasonable accommodation and/or how an employee can accept a request for accommodation, including seeking medical leaves of absence in excess of the amount of leave ordinarily provided to Defendants' employees or who seek other forms of reasonable accommodations in connection with a return to work from a medical leave of absence, as well as contact information for the individual the employee can contact with questions or concerns;

        h.     A clear requirement that Defendants, including supervisory employees or human resources personnel, shall timely provide to eligible employees an available reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment, provided it does not constitute an undue hardship;

        i.     A clear explanation of the duties of supervisory and human resources employees have in timely engaging in the interactive process with and providing effective reasonable accommodations to employees who are deemed disabled;

j.      A clear requirement that Defendants, including supervisory employees or human resource personnel, shall engage in open and frequent communication with their employees throughout the interactive process, including an early meeting with the applicant or employee to discuss possible effective accommodations and the provision of the name of the contact person that the applicant or employee can contact with questions or concerns at any time in the process;

k.      A clear requirement that Defendants, including supervisory employees or human resource personnel, shall review any accommodation decision with the applicant or employee, including a communication to provide in writing to the applicant or employee the decision and reasons for the denial of accommodation request;

l.      A clear explanation of the duties of supervisory and human resources employees in conducting a follow-up meeting with the applicant or employee to evaluate the continued effectiveness of any accommodation provided and to discuss whether further engagement in the interactive process if necessary.

m.      A clearly described complaint process for employees or applicants who believe they have been subjected to disability discrimination that provides internal and external avenues for complaints;

n.      A complaint process that provides a prompt, thorough, and impartial investigation;

o.      A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and if any remedial action was taken,

p.      Assurance that Defendants will take immediate and appropriate corrective action when it determines that disability discrimination has occurred;

q.      Notice that anyone who makes a complaint of disability discrimination or provides information related to such complaints is protected against retaliation; and

r.      A requirement that any employee in a supervisory position who receives a reasonable accommodation request, whether formal or informal, written or verbal, report such reasonable accommodation request to the human resources department within 24 hours of receiving said request;

Within ninety (90) days of the Effective Date of this Decree, Defendants shall provide to the EEOC a copy of all policies and procedures related to disability discrimination, reasonable accommodations, the interactive process, and/or leave requested as an accommodation. Within one hundred twenty (120) days of the Effective Date, Defendants shall ensure that it has distributed its Policy to all employees. Within one hundred thirty (130) days of the Effective Date, Defendants shall submit to the Commission a statement confirming distribution of the Policy.

Defendants shall submit to EEOC any revisions to Defendants' policies, procedures, and practices to prevent and correct disability discrimination and retaliation sixty (60) days prior to the proposed change.

For each new managerial or non-managerial employee hired after the initial distribution of the Policy described above, Defendants shall ensure that the new employee and/or manager receives the Policy within ten (10) days of employment.  On an annual basis throughout the term of the Decree, since the last annual report along with a statement confirming distribution of the policies and procedures to any person hired after the initial distribution but within the term of the Decree.

C.    Training

1.    Training of Non-Managerial Employees

Defendants, in consultation with the Monitor, shall provide to all of Defendants' non-managerial employees training concerning Defendants' policies and procedures and federal anti-discrimination laws with an emphasis on disability discrimination, the interactive process, reasonable accommodations, and leave requests as a reasonable accommodation, during the onboarding process. Defendants, in consultation with the Monitor, shall also provide training to all non-managerial employees concerning Defendants' policies and procedures and federal anti-discrimination laws with an emphasis on disability discrimination, the interactive process, reasonable accommodations, and leave requests as a reasonable accommodation when Defendants train non-managerial employees on sexual harassment prevention and education pursuant to California Senate Bill 1343.

2.    Training for Supervisors and other Management

Defendants, in consultation with the Monitor, shall provide interactive training to all managers, all human resources personnel, and supervisory employees. The training shall be at least one (1) hour in

duration and focus on Defendants' obligations and responsibilities as required by law under the ADA/ADAAA. The training shall also address the following:

      a.     Unlawful discrimination against applicants and employees with disabilities as prohibited by the ADA and ADAAA;

      b.     Defendants' obligations pursuant to the ADA and ADAAA to engage in the interactive process and provide a reasonable accommodation;

      c.     Each trainee's obligations in complying with federal laws regarding employment discrimination on the basis of disability and retaliation, including the distinction between the requirements of the ADA/ADAAA and the Family and Medical Leave Act;

      d.     The interactive process, including that it is necessary to communicate with every party involved with a particular accommodation including the employee and the employee's managers and supervisors in order to assess the needs of the employee requesting a reasonable accommodation;

      e.     Monitoring accommodations to ensure employees are effectively accommodated and to ensure accountability of all parties involved in the accommodation process, especially for employees returning from medical leave;

      f.     Reviewing and assessing whether the interactive process was properly conducted, including determining the needs of disabled individuals to ensure they were provided a meaningful opportunity to engage in the interactive process;

      g.     How to recognize an accommodation request or a potential need for an accommodation for individuals with disabilities;

      h.     How to notify Defendants of an accommodation request or potential need for an accommodation for individuals with disabilities;

      i.     The purposes and goals of the interactive process and how best to ensure those purposes and goals are achieved;

      j.     Granting leave or an extension of leave as a reasonable accommodation;

      k.     How to address and report disability discrimination and retaliation complaints; and

      l.     Each attendee's obligations under ADA and ADAAA.

1    All persons required to attend such training shall verify their attendance in writing.

2    Within ninety (90) days of the hire date or promotion date of any employee who is covered by

3    the managerial training hired after the annual training but within the term of the Decree, Defendants

4    shall provide an interactive training of one-hour duration covering the same issues set forth above.

5    All persons required to attend such training shall verify their attendance in writing.

6    3.    Verification of Training

7    a.    Within one hundred (120) days of the Effective Date and annually thereafter,

8    Defendants shall produce to the EEOC documents verifying the occurrence of all training sessions

9    conducted as required under this Decree, including the written training materials used, a description of

10   the training provided, and a list of the individuals who conducted the training.

11   D.   Recordkeeping

12   For the duration of the Decree, Defendants agree to maintain records as are necessary to

13   demonstrate their compliance with this Decree and to verify the reports submitted are accurate. These

14   records will consist of leave accommodations and any claim concerning requests for light duty, job

15   modification, job assistance (e.g., interpreter) and/or job reassignment as an accommodation made

16   through the Solution Channel Portal.  Defendants will make the records available to the EEOC within

17   thirty (30) days of a request by the EEOC.

18   E.   Posting

19   Within thirty (30) business days after the Effective Date and throughout the term of this Decree,

20   Defendants shall post the notice attached to the Decree as Exhibit A, in a clearly visible location

21   frequented by employees at all of Defendants' Southern California locations during the term of this

22   Decree.  The notice shall remain posted for the duration of the decree.

23   F.   Reporting

24   In addition to providing Defendants' semi-annual Leave Accommodation Log to the EEOC,

25   Defendants, through their EEO Monitor, shall provide the following reports annually throughout the

26   term of this Decree:

27   1.    Verification of training sessions and verification that all required employees were in

28   attendance;

2.     Acknowledgements of receipt of the policies and procedures related to the ADA/ADAAA for all employees hired since the previous report;

3.     The results of Defendants' audit as detailed in Section X.A.1.h.

4.     A description of all complaints regarding disability discrimination made since the submission of the immediately preceding report hereunder. Complaints is defined as any complaints filed with the DFEH or the EEOC concerning disability discrimination in the Southern California regions; any claims submitted through Defendants' Solution Channel Portal concerning disability discrimination in the Southern California regions including but not limited to requests for light duty, job modification, lifting restrictions, requests to telework, job assistance (e.g., interpreter) and/or job reassignment as an accommodation; any correspondence received from counsel for employees or former employees concerning disability discrimination in the Southern California regions; and requests to Human Resources and Business Leaders for light duty, job modification, lifting restrictions, requests to telework, job assistance (e.g., interpreter) and/or job reassignment as an accommodation,  With respect to DFEH and EEOC complaints, correspondence from counsel for an employee or former employee, and claims submitted through the Solution Channel Portal as described above, Defendants will provide the name of the individual, the nature of the alleged discrimination, the date of the alleged discrimination, and whether the claim is resolved or investigation ongoing and if resolved, the nature of the resolution. The nature of the resolution will indicate whether the employee was accommodated, whether a confidential settlement agreement was reach (but not the amount of the settlement agreement), whether a judgment was rendered through arbitration or litigation, or whether a no probable cause finding was issued. If no results have been reached as of the time of the report, the result shall be included in the next report.  With respect to requests to Human Resources and Business Leaders as described above, Defendants will provide the date of the request and date the accommodation was provided, if applicable.

5.     Questions received on Charter Communications' EthicsPoint.com about a reasonable accommodation request and the results. If no results have been reached as of the time of the report, the results shall be included in the next report;

6.     Verification that the Notice Posting requirement as set forth in Section E is in full compliance throughout the duration of the Decree;

7.     The status of Defendants' compliance with the terms of the Decree; and

8.     Whether any revisions of Defendants' policies and procedures regarding reasonable accommodation, disability discrimination, or retaliation have occurred since the preceding report, including a copy of the revised policies or procedures.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION

## OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A.     During the term of this Consent Decree, Defendants shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.     During the term of this Consent Decree, Defendants shall assure that each of its directors, officers, human resources personnel, managers, and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent

1    Decree Order.

2

3                                                          Respectfully submitted,

4                                                           U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

5

6

7    Date:    2/14/19

8                                     By:     Anna Y. Park
Attorneys for Plaintiff EEOC

9

10

11                                                  MORGAN, LEWIS & BOCKIUS LLP

12    Date:    February 14, 2019

13                                     By:     Kathryn T. McGuigan
Attorney for Defendants Time Warner Cable, Inc.
and Charter Communications, Inc.

14

15

16    Date:    February 14, 2019

17                                     By:     Cheryl M. Manley
Senior Vice President and Associate General
Counsel – Employment Law Defendants Time
Warner Cable, Inc. and Charter Communications,
Inc.

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2    The provisions of the foregoing Consent Decree are hereby approved and compliance with all

3  provisions thereof is HEREBY ORDERED.

4

5  Date: _____        _____

6                                       The Honorable Jesus G. Bernal
                                        United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

**NOTICE OF CONSENT DECREE**

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of U.S. Equal Employment Opportunity Commission v. Time Warner Cable, Inc., Charter Communications, Inc., and Does 1-10; Case No. 5:17-cv-01355-JGB-KK, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace. In July 2017, the EEOC filed a lawsuit in the United States District Court for the Central District of California against Time Warner Cable and Charter Communications alleging that they discriminated against a former employee on the basis of disability. Thereafter, Time Warner Cable, Inc. and Charter Communications, Inc. settled the case by entering into a Consent Decree with the EEOC and paying monetary relief to the employee. Time Warner Cable, Inc. and Charter Communications, Inc. also agreed to relief intended to correct and prevent future discrimination including, but not limited to: designating an equal employment opportunity monitor approved by the EEOC; reviewing and revising their equal employment policies and practices as they pertain to the Americans with Disabilities Act, *as amended*; providing annual training; posting and distributing this Notice of Consent Decree; tracking accommodation requests and complaints of employees; and record-keeping and reporting to the EEOC for three (3) years.

Time Warner Cable, Inc. and Charter Communications, Inc. are committed to complying with federal anti-discrimination laws in all respects, including preventing and remedying disability discrimination and retaliation. Time Warner Cable, Inc. and Charter Communications, Inc. will not tolerate discrimination against employees on the basis of that person's disability, sex, race, national origin, color, religion, and age, and prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

Charter is committed to complying with all applicable employment laws, including the ADA. There are number of ways to address any inquiries or claims internally:

- If you have questions about how to make a request for a reasonable accommodation, please submit those questions to your Human Resources representative, the Senior Human Resources leader for your business unit, or to Charter Communications' Ethics Point located at **EthicsPoint.com**

- If you wish to make a claim about any disability discrimination you believe you have experienced at Time Warner Cable and/or Charter Communications, you may submit a claim through the Charter Communications' Solution Channel Portal located at **CharterSolutionChannel.com**

If you believe that you have been discriminated against because of your disability, sex, national origin, age, race, color, or religion, or retaliated against, you may seek assistance from:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
1-800-669-4000